In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00245-CR
_____

LEE WESLEY ALFRED A/K/A LEE COOPER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 12-13755

**MEMORANDUM OPINION**

Pursuant to a plea agreement, appellant Lee Wesley Alfred[1] pled guilty to the offense of felony theft. The trial court found the evidence sufficient to find Alfred guilty, but deferred finding him guilty. The trial court placed Alfred on community supervision for three years and assessed a fine of $500. The State subsequently filed a motion to revoke Alfred's unadjudicated community

---

[1] Lee Wesley Alfred is also known as Lee Cooper.

1

supervision. Alfred pled "true" to three violations of the terms of his community supervision. The trial court found that Alfred violated the terms of the community supervision order, revoked Alfred's community supervision, and imposed a sentence of two years of confinement.

Alfred's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On November 21, 2012, we granted an extension of time for appellant to file a *pro se* brief. We received no response from the appellant.

We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We note that the trial court's judgment incorrectly recites the subsections of the statute for the offense as "31.03(e)(4)(A) PC[.]" This Court has the authority to reform the trial court's judgment to correct a clerical error. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Therefore, we delete "31.03(e)(4)(A) PC" from the section of the judgment entitled "Statute for Offense" and substitute "31.03

2

(e)(4)(F) PC" in its place. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2012).

We affirm the trial court's judgment as reformed.[2]

AFFIRMED AS REFORMED.

_____
CHARLES KREGER
Justice

Submitted on March 5, 2013
Opinion Delivered March 27, 2013
Do not publish

Before Gaultney, Kreger and Horton, JJ.

---

[2] Appellant may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.